UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

Sarah E. Creech,  )
   Plaintiff(s);  )
  )
-vs.-  )   No. CV 96-P-1605-S
  )
Travelers Insurance Company,  )
   Defendant(s).  )

**ENTERED**

Opinion    MAY 2 6 1998

    The parties' motions for summary judgment were considered at oral argument on December 12, 1997. For the reasons stated below, the court concludes that plaintiff's motion for partial summary judgment on her breach of contract claim is due to be DENIED and defendant's motion for partial summary judgment on plaintiff's bad faith claim is due to be GRANTED.

### Statement of Facts[1]

    On December 24, 1994, plaintiff Sarah Creech ("Creech") was involved in an automobile accident in Andalusia, Alabama. The accident occurred when another driver, Mr. Swift Sasser, turned in front of Creech. As a result of the accident, Creech was seriously injured, underwent two knee operations, and lost the capacity to work at her previous job. By the end of February 1996, Creech had incurred $17,739.25 in medical expenses. In addition, she had incurred approximately $4028 in lost wages and had been assigned a vocational disability rating of 69%.

---

1. This recitation of "facts" is based upon the presented materials viewed in the light most favorable to the non-moving party.

1

At the time of the accident, Creech was covered under a policy of insurance issued by defendant Travelers Insurance Company ("Travelers"). The policy included coverage for accidents involving uninsured or under insured motorists. In July 1995, Creech placed Travelers on notice of a possible under insured motorist claim.

In January 1996, Creech settled her claim against the other driver, Mr. Sasser, for $25,000, the limit of his liability coverage. Shortly thereafter, Creech made a demand to Travelers for the $100,000 limits of her uninsured/under insured motorist ("UM") coverage. Creech demanded payment of the policy limits based upon a November 1995 vocational disability assessment performed by Dr. Mary House Kessler. Although Travelers subsequently sent Creech's counsel a check for $10,000 covering the medical payment benefits under her policy, Travelers declined to pay the UM policy limits, based upon Creech's $25,000 settlement with Sasser and the $10,000 already paid to Creech by Travelers for medical benefits. Travelers offered to settle Creech's UM claim for $1000.

In May 1996, Creech filed this action against Travelers for breach of contract and bad faith failure to pay benefits. During discovery, Dr. Gordon P. Marshall, who performed orthoscopic surgeries on both of Creech's knees, was questioned as to the nature and extent of Creech's injuries. When informed that Creech had already been diagnosed with degenerative joint disease of the right knee prior to the automobile accident, Dr. Marshall concluded that he could not distinguish between preexisting knee injuries and subsequent injuries arising out of the automobile accident.

2

Analysis

I. Plaintiff's Motion for Summary Judgment

Creech has moved for summary judgment on her breach of contract claim, arguing that there are no factual or legal disputes as to either the amount of Creech's damages or the party liable for the accident leading to her UM claim. According to her brief, Creech had incurred, as of March 1, 1996, $17,739.25 in medical expenses, $625 in out-of-pocket expenses, and $186 in prescription expenses, for a total of $18,550.25. Plaintiff concedes that Travelers is entitled to offset the $25,000 received from Mr. Sasser's liability insurer against Travelers's obligation to pay UM benefits to Creech. Thus, leaving aside consideration of her lost wages and the present value of future income, Creech would have no present claim for UM benefits from Travelers.

Creech argues that her damages, including the present value of lost past and future wages, exceeds $200,000, such that Travelers has clearly violated its contractual obligation to pay UM benefits. However, after reviewing the materials submitted by Creech in support of her motion, the court finds no evidentiary support for the lost wage amounts alleged by Creech. A party moving for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Because Creech has provided the court with no evidence upon which to base a finding that her damages exceed the $25,000 already paid by Mr. Sasser's liability carrier, she has failed to meet her initial burden of production, and her motion for summary judgment is due to

3

be denied.

Moreover, even if Creech had provided evidence to the court of the extent of her damages, her present motion still would have to be denied. Creech's surgeon, Dr. Marshall, has testified as to the impracticability of determining the extent to which plaintiff's knee injuries preexisted the automobile accident. Thus, even if the total amount of Creech's damages were undisputed, a factual dispute would remain as to the percentage of those damages directly attributable to the auto accident. For this additional reason, Creech's summary judgment motion on her breach of contract claim is due to be denied.

## II. Defendant's Motion for Summary Judgment

Defendant has moved for partial summary judgment on Creech's claim for bad faith failure to pay UM benefits. Upon considering defendant's motion, the court concludes that, for the same reasons that plaintiff's motion is due to be denied, defendant's motion is due to be granted.

Under the law of Alabama, the tort of bad faith consists of five elements: "(a) an insurance contract between the parties and a breach thereof by the defendant; (b) an intentional refusal to pay the insured's claim; (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason); (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason; and (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim. In short, the plaintiff must go beyond a mere showing of nonpayment and prove a *bad faith* nonpayment, a nonpayment without any reasonable ground for dispute." *National Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982).

Creech's claim for bad faith failure to pay UM benefits fails to satisfy the third element of a bad faith action in Alabama. As discussed above, Creech has thus far failed to establish either 1) that her damages exceed the amounts recovered by her from Mr. Sasser's liability carrier or 2) the degree to which her damages stem from the covered automobile accident, as opposed to pre-existing knee injuries or disease. This court concludes that each of these disputed issues constitutes a "reasonably legitimate or arguable reason" for defendant's refusal to pay more than $1000 in UM benefits to Creech. Because Creech has yet to establish the extent of her damages and the relatedness of those damages to the auto accident, her claim against Travelers for bad faith failure to pay benefits is premature. Accordingly, defendant's motion for summary judgment on plaintiff's bad faith claim is due to be granted.[2]

Date: May 26, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
   Mr. Robert E. Kirby, Jr.
   Mr. Larry W. Harper
   Mr. Timothy W. Knight

---

2. In connection with a motion to compel filed by plaintiff, the court reviewed the Travelers claim file covering plaintiff's accident. Although the court concluded that nothing in the claim file could be withheld by Travelers pursuant to attorney-client or work product privilege, the court also concluded that nothing in the claim file could be reasonably construed to support plaintiff's claim of bad faith handling of her claim by Travelers.